FILED IN CHAMBERS
U.S.D.C. ...

JUN 21 2011

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| FLAGSTAR BANK, FSB, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> GRACE RETAIL INVESTMENT, LLC, ) <br> JOHN PARK a/k/a JONG HO PARK, ) <br> SOON OK PARK, PETER PYUN a/k/a ) <br> HO C. PYUN, and JOUM A. PYUN a/k/a ) <br> JOUMA PYUN and A. P. JOUM ) <br> ) <br> Defendants. ) | CIVIL ACTION <br> FILE NO. 1:11-CV-00593-RLV |

## ORDER APPOINTING RECEIVER AND
## GRANTING INJUNCTIVE RELIEF

This matter having come before the Court on Plaintiff Flagstar Bank, FSB's ("**Plaintiff**") Motion for Appointment of Receiver, Injunctive Relief, and Emergency Hearing (the "**Motion**"), and Defendants having failed to respond to or otherwise oppose the Motion, and the Court having considered the Motion, the Verified Complaint (the "Complaint"), and the record herein, and the Court finding and concluding that (a) Plaintiff has a contractual right to the appointment of a receiver under the express terms and provisions of the loan and security documents attached to the Complaint, (b) there is a serious threat and potential imminent

danger to Plaintiff's interests in its collateral and the value thereof, all of which may be irreparably diminished and harmed absent the relief requested by Plaintiff in the Motion; (c) Plaintiff has no adequate remedy at law to prevent potential irreparable harm and injury to the collateral and Plaintiff's rights under the Loan Documents, and just cause exists for granting to Plaintiff the relief contained in this Order; (d) Plaintiff is entitled to the appointment of a receiver under applicable case law, (e) notice of the hearing on the Motion on an expedited basis was sufficient under the circumstances, and (f) sufficient and just cause exists for granting the relief contained within this Order; now therefore,

IT IS HEREBY ORDERED AS FOLLOWS:

1. The Motion is GRANTED on the terms and conditions set forth herein. All capitalized terms not otherwise defined herein have the same meaning given to them in the Complaint or Motion.

2. Pursuant to the loan documents between the parties (the "**Loan Documents**") and applicable case law, Orion Real Estate Advisors, Inc. is hereby appointed receiver (the "**Receiver**"), without bond, to immediately take possession and control of and manage the following property:

(a) <u>Real Estate</u>: that real property, together with all fixtures and improvements, known as 2020 Lawrenceville-Suwanee Road, located in Suwanee,

Gwinnett County, Georgia 30024 (the "Real Property"), and more particularly described in Exhibit "1" hereto and incorporated herein by reference;

(b) <u>Personal Property</u>: all of the tangible and intangible personal property located in or upon the Real Property or any part thereof and used or usable in connection with the operation of the Real Property, including but not limited to all goods, materials, supplies, chattels, equipment, machinery, furnishings, work in process, fixtures, fittings, books, records, contracts, sub-contacts, leases, bonds, accounts receivable, payments and deposits, accounts, development and use rights, permits and licenses, plans, drawings, construction documents, and computer hardware and software;

3. For purposes of this Order, the Real Property and Personal Property are referred to collectively as the "**Property**".

4. Within five (5) days of the execution of this Order, Defendants shall deliver to the Receiver all rents and other income of the Property, including without limitation those collected on or after March 15, 2011, all security deposits, all tax escrow deposits, all keys, all books, records, checkbooks, ledgers, accounts payable and accounts receivable records, leases, rent rolls, reports, insurance policies and certificates, executory contracts, plans, specifications and drawings, technical manuals for all systems, operating procedures, passwords, security codes, warranties, records required to be kept under applicable safety and environmental

laws, and all other documents whatsoever related to the Property. Defendants and their agents, employees and principals shall cooperate fully with the Receiver in the conduct of its duties, and shall provide to the Receiver immediately any and all such information and access to any and all such people and records as the Receiver shall request. The Receiver shall retain possession of the Property until further order of the Court or foreclosure by Plaintiff.

5. The Receiver shall receive and take charge of the Property and any receivables, bank accounts, actions and choses in action, and all other property of any kind and every kind, character and description wherever the same may be located or found and used in connection with the operation of the Property and reduce the same to possession and shall collect all outstanding accounts, receivables, leases, rents, bank accounts, actions and choses in action, or other evidence of indebtedness and may bring suit to recover the same in its own name.

6. Defendants shall cause, and Receiver shall be authorized on Defendants' behalf to cause, the Receiver to be named as an additional insured on any insurance policies covering the Property. Receiver may, in his discretion, or shall, at the direction of Plaintiff or its assigns, provided that Plaintiff or its assigns agree to fund the costs thereof, obtain insurance covering the Property, and such

insurance expense shall be deemed a normal, ordinary, and necessary operating expense of the Property.

7.  Any tenants in possession of the Property or such other persons as may be in possession thereof, are hereby directed to attorn to the Receiver, and until the further order of the Court, to pay over to the Receiver or its duly designated agent all rents of the Property now due and unpaid or hereafter to become due and that Defendants be enjoined and restrained from collecting the rents of the Property, and from interfering in any manner with the Property and/or the actions of the Receiver; and that all tenants of the Property and other persons liable for the rents be and they hereby are enjoined and restrained from paying any rent for the Property to the Defendants or their managing agent(s), officers, directors, employees, agents, or attorneys except as expressly directed by the Receiver.

8.  Defendants' license and authority to collect any rents or revenue from the Property is hereby revoked, and should Defendants receive any rents or revenues from the Property on or after the Receiver taking possession of the Property, Defendants are restrained and enjoined from disposing of such rents, issues, profits, and revenues of the Property in any manner, other than by turning

over such rents, issues, profits, and revenues to the Receiver until further order of this Court.

9. The Receiver shall manage the daily operations of the Property and collect the rents and other revenues generated by the use and occupancy of the Property.

10. The Receiver is authorized to employ and pay property managers, accountants, brokers, attorneys, and any other persons and professionals as the Receiver deems appropriate to perform its duties without further order of this Court.

11. On or before thirty (30) days after the entry of this Order by this Court (the "Budget Deadline"), the Receiver shall furnish to Plaintiff a detailed, projected, monthly operating budget for the Property which shall be subject to the written approval of Plaintiff (as approved, and as may be amended from time to time, the "Budget"). Plaintiff shall advise the Receiver in writing within ten (10) business days of receipt of the Budget, or any amendment thereof, whether Plaintiff approves or disapproves the Budget, or any amendment thereof.

12. Subject to the availability of funds in the receivership estate, the Receiver shall pay the operating expenses of the Property, including without limitation, reasonable expenses required to put the Property in a rentable and/or

saleable (make-ready) condition, from the rents and other revenues collected from the Property. In the event that the rents and other revenues collected from the Property are insufficient to pay the operating expenses of the Property (including the Receiver's fees and expenses), Plaintiff is authorized to and shall advance funds to the Receiver to fund such operating expenses, provided that Plaintiff shall have no obligation to fund expenses in excess of the projected expenses set forth in the Budget previously prepared by Receiver and approved by Plaintiff for the applicable monthly period. Notwithstanding the foregoing, Plaintiff agrees that, in the event that the rents and other revenues collected from the Property are insufficient to pay the fees and expenses of the Receiver incurred in connection with the appointment of the Receiver, the entry of this Order, and the performance of the Receiver's duties hereunder through the Budget Deadline, Plaintiff shall promptly advance to the Receiver sufficient funds to pay such fees and expenses. Any funds advanced by Plaintiff pursuant to this Order shall constitute a demand obligation owing to Plaintiff by Defendants, secured by the Security Deed and the Loan Documents, and accruing interest at the default rate under the Note.

13. The Receiver shall be paid for its services a fee of $225 per hour, plus reasonable out-of-pocket expenses. Such fees shall be paid from the rents and revenues remaining, if any, after payment of the normal, ordinary and necessary operating expenses of the Property. If the rents and revenues are not sufficient to

cover the Receiver's fees, such fees shall be paid by Plaintiff. The Receiver shall not be required to give bond conditioned for the faithful discharge of its duties unless and until cause therefore is shown.

14. On or before the 15th day of each month, the Receiver shall make an accounting of all rents and revenues collected and all expenses paid for the previous month and shall file said accounting with the Court and shall serve upon Plaintiff's counsel and Defendants' counsel[1] a copy of said accounting. The Receiver shall file a final report within forty-five (45) days after the termination of the receivership;

15. On or before the 15th day of each month, the Receiver shall pay to Plaintiff all receipts remaining, if any, after payment of the fees and expenses of the Receiver and the Property (subject to reasonable reserves agreed to by Plaintiff), to be applied to the indebtedness of the Defendants to Plaintiff, pursuant to the Note and other Loan Documents;

16. Subject to the availability of funds in the receivership estate, the Receiver shall pay all expenses (1) incurred with regard to the Property which were incurred in the normal and ordinary course of business of the Property by the

---

[1] For all noticing purposes under this Order, service upon any party's counsel of record shall constitute sufficient notice on such party.

Receiver on or after the Receiver taking possession of the Property and (2) incurred by the Receiver in connection with the appointment of the Receiver and the entry of this Order. Except for expenses incurred by the Receiver prior to the entry of this Order in connection with the appointment of the Receiver or the entry of this Order, neither the Receiver nor Plaintiff shall be liable for any expenses incurred with regard to the Property incurred prior to the Receiver taking possession of the Property, nor shall the Receiver or Plaintiff be required to use any rents or other revenues collected after the Receiver takes possession of the Property for payment of any expenses incurred with regard to the Property prior to the Receiver's taking possession of the Property. Notwithstanding the foregoing, the Receiver shall pay those expenses incurred by the Receiver prior to the entry of this Order in connection with the appointment of the Receiver and the entry of this Order, and may, in the Receiver's sole and absolute discretion, pay those expenses which were incurred in the normal and ordinary course of business of the Property and which were incurred prior to the Receiver taking possession of the Property, if, and only if, the payment of any such pre-existing expenses is necessary and critical to the ongoing operation of the Property (*e.g.*, utilities). Otherwise, no pre-existing expenses shall be paid by the Receiver. It shall be incumbent upon the Receiver, in the Receiver's sole and absolute discretion, to make a determination as to which expenses, if any, incurred prior to the Receiver taking possession of the Property

were incurred in the normal and ordinary course of business and the payment of which is necessary and critical to the ongoing operation of the Property;

17. Plaintiff's interest in the rents, issues, profits, and revenues of the Property shall not be impaired by the appointment of the Receiver, and shall continue in all such rents, issues, profits, and revenues in the hands of Receiver, including specifically, while the Receiver may open and maintain bank accounts in the name of the Receiver on behalf of the Property, all existing bank accounts which are part of or contain property belonging to or arising from the Property shall remain subject to the perfected security interest in Plaintiff as set forth in the Loan Documents, and all new accounts that become property of or contain property belonging to or arising from the Property, are and shall be subject to a perfected security interest granted pursuant to the Loan Documents;

18. The Receiver shall take reasonable actions to ensure that it complies with all laws applicable to the operation of the Property as provided under any laws of the United States or the State of Georgia;

19. Without limiting the foregoing, Receiver is vested with all of the powers, rights and duties provided under applicable law and the following specific powers and rights to: (a) enter upon and take possession and control of any and all of the Property; (b) to open and maintain bank accounts in the name of the

Receiver on behalf of the Property; (c) to suspend, terminate, or grant a leave of absence to any employees, agents, or contractors of the Property; (d) take and maintain possession of all documents, books, records, papers and accounts relating to the Property; (e) exclude the Defendants, any agent, servant or employee of the foregoing wholly from the Property; (f) manage and operate the Property; (g) preserve and maintain the Property; (h) make repairs and alterations to the Property; (i) undertake any construction or repair of the Property, with such changes, additions or modifications of the Property as Plaintiff may in its sole discretion deem appropriate or desirable; (j) conduct a marketing or leasing program with respect to all or a portion of the Property, or employ a marketing or leasing agent or agents to do so, directed to the leasing or sale of all or portions of the Property under such terms and conditions as Plaintiff may in its sole discretion deem appropriate or desirable; (k) employ such contractors, subcontractors, materialmen, architects, engineers, consultants, managers, brokers, marketing agents, or other employees, agents, independent contractors or professionals, as Receiver may in its sole discretion deem appropriate or desirable to implement and effectuate the rights and powers herein granted; (l) conduct a receiver's sale of the property and execute and deliver, in the name of and as agent of Grace Retail Investment, LLC or in its own name as receiver, such documents and instruments as are necessary or appropriate to consummate authorized transactions, including

but not limited to, any deeds, bills of sale, closing statements, certificates and affidavits necessary to consummate sales of the Property and obtain title insurance with respect thereto. (The Receiver shall not have the authority to amend, modify or revise any of the Loan Documents, in whole or in part; provided however that the foregoing shall not prohibit Plaintiff from advancing funds on a first priority basis); (m) enter into such leases, whether of real or personal property, or tenancy agreements, under such terms and conditions as Receiver may deem appropriate or desirable, subject to consent by Plaintiff; (n) collect and receive the rents and profits from the Property; (o) eject tenants or repossess personal property, as provided by law, for breaches of the conditions of their leases or other agreements; (p) sue for unpaid rents and profits, payments, income or proceeds in the name of Defendant Grace Retail Investment, LLC; (q) maintain actions in forcible entry and detainer, ejectment for possession and actions in distress for rent; and to pursue, resist, and defend all suits, actions, claims and demands that may be pending now or that may be brought or asserted against the Property; (r) compromise or give acquittance for rents and profits, payments, income or proceeds that may become due; (s) undertake variances with respect to the Property or subdivide the Property, subject to the consent of Plaintiff, and enter into any document in connection with the foregoing; (t) take possession of any proceeds of any insurance policies relating to the Property and settle, adjust or

compromise any claims for loss or damage under any policies or policies of insurance relating to the Property; and (u) do any lawful acts reasonably requested by Plaintiff to protect the security hereof and use such measures, legal or equitable, reasonably requested by Plaintiff to implement and effectuate the provisions of the Loan Documents;

20. Defendants, as well as any of their agents, servants, employees, affiliates, attorneys, any persons acting for or on behalf of Defendants, any person receiving notice of this Order, by personal service or otherwise, are hereby restrained and enjoined from disposing, transferring, exchanging, assigning, or in any way conveying any property or assets included in the Property;

21. Defendants, as well as any of their agents, servants, employees, affiliates, attorneys, any persons acting for or on behalf of Defendants, and any persons receiving notice of this Order, by personal service or otherwise, having possession of any property, business, books, computers, computer files or other electronic media storage devices, records (paper and/or electronic), or any other assets of the Property are hereby directed to immediately deliver same to the Receiver, its agents, and/or employees. Defendants and their agents and employees are ordered to deliver to the Receiver all keys, combinations, security

codes, passwords or other access devices, implements or information necessary to operate, access, utilize or otherwise take advantage of any assets of the Property;

22. Defendants, their agents, servants, employees, nominees, attorneys, and entities under their direct or indirect control shall cooperate with and assist the Receiver when requested by the Receiver, and shall take no action, directly or indirectly, to hinder, obstruct, or otherwise interfere with the Receiver in the performance of its duties;

23. Any brokerage institution, escrow/title company, financial institution, bank, savings and loan, mutual fund, or any other person, partnership, limited liability company, or corporation maintaining or having custody or control of any brokerage or deposit account or other asset of the Property, that receives actual notice of this Order, by personal service, facsimile transmission, or otherwise, shall within three (3) business days of receipt of that notice, serve on the Receiver a certified statement setting forth, with respect to each such account or other asset, the balance in the account or description of the asset as of the close of business on the date of receipt of the notice, whether such account is FDIC insured, and shall deliver all such funds or other assets to the Receiver;

24. Nothing in this Order modifies, amends, or limits in any way whatsoever the rights and remedies of Plaintiff under the Loan Documents

including, but not limited to, its right to foreclose on any or all of the Property at any time, its right to payment of all proceeds arising from the sale, lease or rental of any or all of the Property prior to all other creditors, its right to approve sales contracts, its right to inspect books and records, its right to approve all improvements to any or all of the Property, its right to exercise its other rights and remedies under the Loan Documents and its right to refuse to release its interests in the Property, except in compliance with the Loan Documents. In fact, this Order expressly contemplates that, during the pendency of the receivership created hereunder, Plaintiff may conduct a foreclosure sale and transfer title of and to the Real Property under the power of sale provided in the Security Deed.

25. Without limiting any other rights or immunities the Receiver may have at law or in equity, the Receiver shall have no liability for acts or omissions made by or on behalf of it in its capacity as the Receiver of the Property, so long as such acts and omissions are made in good faith and without gross negligence;

26. Receiver shall have full control over the Property as set forth herein. Grace retains all rights to corporate self-governance, decision-making, and the management of its own internal corporate affairs; and

27. The Court shall retain jurisdiction and supervision of all matters concerning the Receiver and the receivership. The Receiver may seek instructions

and additional authority from the Court upon written notice to Plaintiff and Defendants.

SO ORDERED this 24 day of June, 2011, at 10:00 A.m

*signature*
Hon. Robert L. Vining, Jr.
Senior Judge, United States District Court for the Northern District of Georgia