[SPACE LEFT BLANK FOR RECORDING INFORMATION]

FILED IN CHAMBERS
U.S.D.C. - Rome
JUL 24 2012
JAMES N. HATTEN, Clerk

Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| FLAGSTAR BANK, FSB, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> GRACE RETAIL INVESTMENT, LLC, ) <br> JOHN PARK a/k/a JONG HO PARK, ) <br> SOON OK PARK, PETER PYUN a/k/a ) <br> HO C. PYUN, JOUM A. PYUN a/k/a ) <br> JOUMA PYUN and A. P. JOUM, ZION ) <br> INTERNATIONAL CORP., JUM ) <br> YOUNG CHOI, CHAN CHOI, JUNG LE ) <br> KIM, and DEO USA, Inc. ) <br> ) <br> Defendants. | CIVIL ACTION <br> FILE NO. 1:11-CV-00593-RLV |

## ORDER

This matter having come before the Court on Plaintiff Flagstar Bank, FSB's Emergency Motion for Expansion of Receiver's Duties, Injunctive Relief, and Expedited Hearing (the "Motion") at the hearing in this matter on July 12, 2012,

and no opposition being raised by Defendants at said hearing, and the Court having considered the Motion, the proposed Second Verified Complaint, and the record herein, and the Court finding and concluding the following: (a) Plaintiff is entitled to a judgment as set forth in the Order on Plaintiff's motion for summary judgment; (b) the Court determined in its summary judgment order that Defendants Peter and Joum Pyun (the "Pyuns") have previously transferred assets in violation of the Uniform Fraudulent Transfer Act as a matter of law, (c) it appears from the record that that the Pyuns, and those acting in concert with them, have made additional transfers of assets for no reasonably equivalent consideration, thereby hindering Plaintiff's ability to enforce its judgment against them; (d) there is a serious threat and potential imminent danger that the assets against which Plaintiff might be able to enforce its eventual judgment against the Pyuns will be lost or diminished unless immediate action is taken to preserve the assets; (e) Plaintiff has no adequate remedy at law to prevent potential irreparable harm to the assets and Plaintiff's rights under a judgment against the Pyuns; (f) judgment has been or will be entered against Defendants John and Soon Ok Park (the "Parks"), and they are willing to allow the Receiver to sell their residence with the proceeds applied to such judgment; (g) sufficient and just cause exists for granting to Plaintiff the relief contained in this Order; (h) Plaintiff is entitled to the appointment of a receiver

under applicable case law, and (i) notice of the hearing on the Motion on an expedited basis was sufficient under the circumstances; now therefore,

It is hereby ORDERED as follows:

1. The Motion is GRANTED on the terms and conditions set forth herein. All capitalized terms not otherwise defined herein have the same meaning given to them in the Complaint, as amended, or the Motion.

2. The Receiver currently appointed in this action, Orion Real Estate Advisors, Inc. (in its capacity as receiver, the "Receiver"), is directed and authorized, in addition to any other duties previously authorized, to immediately take possession and control of and manage the following property:

(a) The real property, improvements and fixtures located at 400 Morning Creek Lane, Suwanee, Gwinnett County, Georgia (the "Morning Creek Property"), more particularly described in Exhibit "A" attached hereto;

(b) The real property, improvements and fixtures located at 245 Gladeside Path, Suwanee, Fulton County, Georgia 30024 (the "Gladeside Property"), more particularly described in Exhibit "B" attached hereto;

(c) The real property, improvements and fixtures located at 3675 Buford Highway, Duluth, Gwinnett County, Georgia 30096 (the "Buford Highway Property"), more particularly described in Exhibit "C' attached hereto.

The Morning Creek Property, Gladeside Property and Buford Highway Property shall be collectively referred to herein as the "Properties".

3. Within two (2) business days of the execution of this Order, the Receiver is directed and authorized to take immediate possession of and to use, maintain, preserve and protect the Properties, to the exclusion of Defendants and all others (except Plaintiff and governmental authorities exercising their police powers to protect public health or safety); to secure (including, without limitation, changing locks), hold, retain, preserve, protect, maintain, and manage the Properties; to marshal the Properties; and to receive all rents, income, license fees and revenues arising from or relating to the operation, sale or other disposition of any of the Properties (collectively, the "Revenues"). The Receiver is further directed and authorized to receive and control any receivables, actions and choses in action, and all other property of any kind and every kind, character and description wherever the same may be located or found and used in connection with the operation of the Properties. In connection with the Receiver's exercise of the authority granted in this Order, the Receiver may bring suit in its own name. Notwithstanding the foregoing provisions of this Paragraph 3, the Receiver shall afford any Defendants who use any of the Properties as a primary residence a reasonable period (not to exceed seven (7) days) to make arrangements with the Receiver to remove their personal property (such as personal belongings, clothing,

televisions, dishware, furniture, and furnishings, but excluding fixtures and improvements) from the Properties.

4. Defendants and any other individuals or entities having ownership, possession or control of any of the Properties shall deliver to the Receiver possession and control of the Properties, including, without limitation, all keys and security codes relating to the Properties, and shall provide immediate access to the Receiver for an inspection of the premises. The Defendants, current owners, and occupants of any of the Properties must also, within seven (7) days of the date of this Order, deliver to the Receiver all books, records, leases, rents, insurance policies and certificates, contracts, plans, specifications and drawings, technical manuals for all systems, warranties, records required to be kept under applicable safety and environmental laws, and all other documents whatsoever related to any of the Properties. Defendants and their agents, employees and principals shall cooperate fully with the Receiver in the conduct of its duties, and shall provide to the Receiver immediately any and all such information and access to any and all such people and records as the Receiver shall request. The Receiver shall retain possession of the Properties until further order of the Court.

5. Any tenants in possession of the Properties or such other persons as may be in possession thereof, are hereby (a) directed to attorn to the Receiver, and

until the further order of the Court, to pay over to the Receiver or its duly designated agent all Revenues of the Properties now due and unpaid or hereafter to become due, and (b) enjoined and restrained from paying any rent or Revenues to any of the Defendants, the managing agent(s), officers, directors, employees, agents, or attorneys of any of the Defendants, or any person other than the Receiver. Defendants are hereby enjoined and restrained from collecting the Revenues of the Properties, and should any Defendant receive any such Revenues on or after the date of execution of this Order, Defendants are directed to immediately turn over such Revenues to the Receiver. Defendants are further enjoined and restrained from interfering in any manner with any of the Properties or the actions of the Receiver.

6. The Receiver shall manage the daily operations of the Properties and collect the Revenues generated by the use and occupancy of the Properties. The Receiver shall be authorized to request and to receive from Plaintiff, from time to time, advances of funds (collectively, "Advances") that are deemed necessary by the Receiver for the Receiver's preservation, management, marketing, safeguarding, insurance, operation, or repair of the Properties and for payment of the Receiver's fees and expenses, including, without limitation, premiums for insurance and amounts needed to make necessary and essential repairs to the Properties, all of which Advances may be made or not made by Plaintiff at such

times and in such amounts as Plaintiff may elect in its sole discretion. Plaintiff shall be authorized, but not required, to apply Revenues received from the Receiver first to the satisfaction of the outstanding Advances with interest thereon at the rate applicable under the loan documents until such Advances and interest thereon are paid and satisfied in full. Defendants shall cause, and Receiver shall be authorized on Defendants' behalves to cause, the Receiver to be named as an additional insured on any insurance policies covering the Properties.

7. The Receiver is authorized to employ and pay property managers, accountants, brokers, attorneys, and any other persons and professionals as the Receiver deems appropriate to perform its duties without further order of this Court.

8. On or before thirty (30) days after the entry of this Order by this Court (the "Budget Deadline"), the Receiver shall furnish to Plaintiff a detailed, projected, monthly operating budget for the Properties which shall be subject to the written approval of Plaintiff (as approved, and as may be amended from time to time, the "Budget"). Plaintiff shall advise the Receiver in writing within ten (10) business days after receipt of the Budget, or any amendment thereof, whether Plaintiff approves or disapproves the Budget, or any amendment thereof.

9. Subject to the availability of funds in the receivership estate, the Receiver shall pay the operating expenses of the Properties, including without limitation, reasonable expenses required to put the Properties in a rentable and/or saleable (make-ready) condition, from the Revenues collected from the Properties. In the event that the Revenues collected from the Properties are insufficient to pay the operating expenses of the Properties (including the Receiver's fees and expenses), Plaintiff is authorized to and shall fund Advances to the Receiver to pay such operating expenses, provided that Plaintiff shall have no obligation to fund expenses in excess of the projected expenses set forth in the Budget previously prepared by Receiver and approved by Plaintiff for the applicable monthly period. Notwithstanding the foregoing, Plaintiff agrees that, in the event that the Revenues collected from the Properties are insufficient to pay the fees and expenses of the Receiver incurred in connection with the appointment of the Receiver, the entry of this Order, and the performance of the Receiver's duties hereunder through the Budget Deadline, Plaintiff shall promptly advance to the Receiver sufficient funds to pay such fees and expenses. Any Advances or other funds advanced by Plaintiff pursuant to this Order shall constitute a demand obligation owing to Plaintiff by Defendants, will accrue interest in accordance with the loan documents, and will be secured by any collateral for the obligations owed to Plaintiff by any Defendant.

10. The Receiver shall be paid for its services a fee of $225 per hour, plus reasonable out-of-pocket expenses. Such fees shall be paid from the Revenues remaining, if any, after payment of the normal, ordinary and necessary operating expenses of the Properties. If the Revenues are not sufficient to cover the Receiver's fees, such fees shall be paid by Plaintiff. The Receiver shall not be required to give bond conditioned for the faithful discharge of its duties unless and until cause therefore is shown.

11. If the Receiver determines that the aggregate amount of Revenues and Advances available to the Receiver are insufficient to pay the reasonable and necessary expenses of maintaining, preserving, and operating the Properties in compliance with applicable law and this Order, or if Plaintiff disapproves any Budget or amendment thereto, then the Receiver may, on not less than ten (10) days written notice to Plaintiff and Defendants, file with the Court a termination of the Receiver's further responsibilities to serve as receiver hereunder, whereupon, subject to a surrender of all of the Properties to Plaintiff and the filing of a final report regarding the receivership with the Court, the Receiver shall be discharged.

12. On or before the 15th day of each month, the Receiver shall make an accounting of all Revenues collected and all expenses paid for the previous month and shall file said accounting with the Court and shall serve upon Plaintiff's

counsel and Defendants' counsel[1] a copy of said accounting. The Receiver shall file a final report within forty-five (45) days after the termination of the receivership.

13. On or before the 15th day of each month, the Receiver shall pay to Plaintiff all receipts remaining, if any, after payment of the fees and expenses of the Receiver and the Properties (subject to reasonable reserves agreed to by Plaintiff), to be applied to the indebtedness of the Defendants to Plaintiff in the manner elected by Plaintiff in its discretion.

14. Except for expenses incurred by the Receiver prior to the entry of this Order in connection with the appointment of the Receiver or the entry of this Order, neither the Receiver nor Plaintiff shall be liable for any expenses incurred with regard to the Properties incurred prior to the Receiver taking possession of the Properties, nor shall the Receiver or Plaintiff be required to use any Revenues collected after the Receiver takes possession of the Properties for payment of any expenses incurred with regard to the Properties prior to the Receiver's taking possession of the Properties. Notwithstanding the foregoing, the Receiver may, with the approval of Plaintiff, pay those expenses which were incurred in the normal and ordinary course of business of the Properties prior to the Receiver

---

[1] For all noticing purposes under this Order, service upon any party's counsel of record shall constitute sufficient notice on such party.

taking possession of the Properties, and which are necessary and critical to the ongoing operation of the Properties (*e.g.*, utilities). Such expenses may be paid from available Revenues or Advances.

15. The Receiver shall take reasonable actions to ensure that it complies with all laws applicable to the operation of the Properties as provided under any laws of the United States or the State of Georgia.

16. Without limiting the foregoing, Receiver is vested with all of the powers, rights and duties provided under applicable law and the following specific powers and rights to: (a) enter upon and take possession and control of any and all of the Properties; (b) to open and maintain bank accounts in the name of the Receiver on behalf of the Properties; (c) to suspend, terminate, or grant a leave of absence to any employees, agents, or contractors of the Properties; (d) take and maintain possession of all documents, books, records, papers and accounts relating to the Properties; (e) exclude the Defendants and their agents, servants, tenants and employees and other persons from the Properties; (f) manage and operate the Properties; (g) preserve and maintain the Properties; (h) make repairs and alterations to the Properties; (i) undertake any construction or repair of the Properties, with such changes, additions or modifications of the Properties as Plaintiff may in its sole discretion deem appropriate or desirable; (j) conduct a

marketing or leasing program with respect to the Morning Creek Property, or employ a marketing or leasing agent or agents to do so, directed to the leasing or sale of the Morning Creek Property under such terms and conditions as Plaintiff may in its sole discretion deem appropriate or desirable; (k) employ such contractors, subcontractors, materialmen, architects, engineers, consultants, managers, brokers, marketing agents, or other employees, agents, independent contractors or professionals, as Receiver may in its sole discretion deem appropriate or desirable to implement and effectuate the rights and powers herein granted; (l) conduct a receiver's sale of the Morning Creek Property and execute and deliver, in the name of and as agent of John Park and/or Soon Ok Park or in its own name as receiver, such documents and instruments as are necessary or appropriate to consummate authorized transactions, including but not limited to, any deeds, bills of sale, closing statements, certificates and affidavits necessary to consummate the sale of the Morning Creek Property and have title insurance issued with respect thereto; (m) enter into leases or tenancy agreements with respect to any of the Properties, under such terms and conditions as Receiver may deem appropriate or desirable, subject to consent by Plaintiff; (n) collect and receive the rents and profits from the Properties; (o) eject tenants or occupants of the Properties; (p) sue for possession, unpaid rents and profits, payments, income or proceeds in the name of any of the Defendants or in the name of the Receiver;

(q) maintain actions in forcible entry and detainer, ejectment for possession and actions in distress for rent; and to pursue, resist, and defend all suits, actions, claims and demands that may be pending now or that may be brought or asserted against the Properties; (r) compromise or give acquittance for rents and profits, payments, income or proceeds that may become due; (s) undertake variances with respect to the Properties or subdivide the Properties, subject to the consent of Plaintiff, and enter into any document in connection with the foregoing; (t) take possession of any proceeds of any insurance policies relating to the Properties and settle, adjust or compromise any claims for loss or damage under any policies or policies of insurance relating to the Properties; and (u) do any lawful acts reasonably requested by Plaintiff to protect the Properties and use such measures, legal or equitable, reasonably requested by Plaintiff to implement and effectuate the provisions hereof;

17. The U.S. Marshal's office is hereby directed and authorized to assist the Receiver in carrying out the terms of this Order to avoid a breach of the peace, including, without limitation, assisting the Receiver in obtaining possession and control of the Properties, removing persons occupying or residing in any of the Properties, and excluding persons from the Properties.

18. The Pyuns are hereby enjoined and restrained from transferring, without the express permission of this Court, (i) any assets, sums of money, or groups of assets totaling in excess of $5,000 in market value, or (ii) any assets, sums of money, or groups of assets totaling $5,000 or less but greater than $1,000 without receiving reasonably equivalent consideration.

19. Receiver shall pay any and all proceeds of the Receiver sale of the Morning Creek Property, net of any expenses and closing costs associated therewith, to Plaintiff for application to the judgments entered against Grace Retail and the Parks in this action.

20. The Receiver is authorized to serve this Order on any person or entity whom the Receiver reasonably believes to be in possession or control of the Properties, and to register this Order with the appropriate government offices and courts, including, without limitation, the Clerk of Court for the County in which any of the Properties is located. Upon such service, Defendants, as well as any of their agents, servants, employees, affiliates, attorneys, any persons acting for or on behalf of Defendants or in concert with Defendants, and any person receiving actual notice of this Order, by personal service or otherwise, are hereby restrained and enjoined from disposing, transferring, exchanging, assigning, or in any way conveying the Properties or any rights or claims associated therewith any property

or assets included in the Properties or in interfering in any way with the duties of the Receiver. Further, upon recording of this Order with the Clerk of Court for the County in which any of the Properties is located, all persons shall be deemed to be on constructive notice of this Order and are hereby restrained and enjoined from disposing, transferring, exchanging, assigning, or in any way conveying the Properties or in interfering in any way with the duties of the Receiver, and any such disposition, transfer, exchange, assignment, or conveyance shall be deemed a nullity and *void ab initio*.

21. Defendants, as well as any of their agents, servants, employees, affiliates, attorneys, any persons acting for or on behalf of Defendants, and any persons receiving notice of this Order, by personal service or otherwise, having possession of any property, business, books, computers, computer files or other electronic media storage devices, records (paper and/or electronic), or any other assets of the Properties are hereby directed to immediately deliver same to the Receiver, its agents, and/or employees. Defendants and their agents and employees are ordered to deliver to the Receiver all keys, combinations, security codes, passwords or other access devices, implements or information necessary to operate, access, utilize or otherwise take advantage of any assets of the Properties.

22. Defendants, their agents, servants, employees, nominees, attorneys, and entities under their direct or indirect control shall cooperate with and assist the Receiver when requested by the Receiver, and shall take no action, directly or indirectly, to hinder, obstruct, or otherwise interfere with the Receiver in the performance of its duties.

23. Any brokerage institution, escrow/title company, financial institution, bank, savings and loan, mutual fund, or any other person, partnership, limited liability company, or corporation maintaining or having custody or control of any brokerage or deposit account or other asset of the Properties, that receives actual notice of this Order, by personal service, facsimile transmission, or otherwise, shall within three (3) business days of receipt of that notice, serve on the Receiver a certified statement setting forth, with respect to each such account or other asset, the balance in the account or description of the asset as of the close of business on the date of receipt of the notice, whether such account is FDIC insured, and shall deliver all such funds or other assets to the Receiver.

24. Nothing in this Order modifies, amends, or limits in any way whatsoever the Receiver's authority to conduct and close the sale of the Grace Retail property.

25. Except for an act of gross negligence or willful misconduct, the Receiver and all persons engaged by or employed by the Receiver shall not be liable for any loss or damage by reason of any act performed or omitted to be performed by them in connection with the discharge of their duties and responsibilities under this Order.

26. Receiver shall have full control over the Properties as set forth herein. Grace retains all rights to corporate self-governance, decision-making, and the management of its own internal corporate affairs.

27. The Court shall retain jurisdiction and supervision of all matters concerning the Receiver and the receivership. The Receiver may seek instructions and additional authority from the Court upon written notice to Plaintiff and Defendants.

SO ORDERED this 24th day of July, 2012, at 3:45 P.m

/s/ Robert L. Vining, Jr.
Hon. Robert L. Vining, Jr.
Senior Judge, United States District Court for the Northern District of Georgia